UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROSALIE    FUSTON,    JOYCE    A.
FAIRFIELD,

                    Plaintiffs,

vs.                              Case No.   2:12-cv-279-FtM-99DNF

STATE OF FLORIDA, WARREN CORNELL,
WILLIAM    BOYETTE,    JACK
HOWEDESHELL,  JODY  DAVIS,  MARK
MEIER,  GLENDA  BUENVIDA,  RICK
ORZECHEWSKI,  TODD  BROWN,  SHAWN
BLAKELY,  FRANK  KOZDRAS,  NANCY
BEHRENS, ROBERT WILLIAMS,

                    Defendants.

_____/

## OPINION AND ORDER

### I.

This matter comes before the Court upon review of the Amended
Motion for Partial Summary Judgment filed on behalf of the State of
Florida (Doc. #25, hereinafter "State's Motion").  The State seeks
summary judgment as a matter of law "on all new issues raised
against the Defendant in the Amended Complaint on the grounds they
are barred by the statute of limitations."  State's Motion at 2,
¶6.  The State attaches exhibits in support of the Motion (Exhs. A-
K).  Also pending before the Court is Defendants' Motion to Dismiss
filed on behalf of Defendants Rick Orzechowski, Shawn Blakeley,
Warren Cornell, Willian Boyett, Glenda Buenvida (Buendia), Nancy
Behrens, Frank Kozdra, and Jack Howdeshell (Doc. #35), in which
Defendant Jody Davis joins (Doc. #56), (hereinafter the "Individual

Defendants' Motion).   The individual defendants seek dismissal of the Amended Complaint in its entirety based upon the statute of limitations, *inter alia*.[1]   Individual Defendants' Motion at 4. Plaintiffs filed a response to the State's motion (Doc. #30), and submitted the affidavit of counsel (Doc. #31-1) and exhibits in support of their response (Exhs. 1-9).   Plaintiff also filed a response to the individual defendants' motion (Doc. #42).   After obtaining leave, the State filed a reply to Plaintiffs' response (Doc. #47) and submitted additional exhibits (Exhs. A-II). Thereafter, the State filed an Affidavit in Support of its Amended Motion (Doc. #60), and Plaintiff filed leave seeking to file a supplemental response (Doc. #64) with attachment (Exh. A).   This matter is ripe for review.

## II.

On October 4, 2004, Plaintiffs initiated a wrongful death action pursuant to Florida Statute § 768.20 against Defendant the State of Florida, as the governmental entity which operates the Florida Department of Corrections (the "Department") in Leon County, Florida.   Doc. #25-1, Exh. A.   The Complaint sought damages for the wrongful death of Charles Fuston, a former inmate at Charlotte Correctional Institution ("CCI"), stemming from a June

---

[1]The individual defendants also seek dismissal of Count I to the extent that Plaintiffs' Eighth Amendment claim is predicated on negligence, and dismissal of Count II for failing to state a claim for violation of substantive due process under the Fourteenth Amendment.   Individual Defendants' Motion at 12-13.

11, 2003 escape attempt by three other inmates who, along with Fuston, were working on a construction project at CCI.  See generally Id.  According to the Complaint, several dormitories at CCI were undergoing renovation.  Id. at 2, ¶7.  During construction, three inmates (Eaglin, Smith and Jones) gained access "to a dangerous object believed to be a sledgehammer" and overtook and inflicted fatal injuries to Fuston and "the lone officer assigned to the subject construction detail" in their attempt to escape.  Id. at 4, ¶19.  The Complaint alleged a single cause of action for negligence stemming from the construction incident based upon CCI's employees violating the following administrative policies and procedures:

> failure to properly train to ensure inmate manpower was being utilized safely and pursuant to policy directives;
>
> failure to monitor staffing and compliance to ensure inmate manpower was being utilized safely and pursuant to policy directives;
>
> failure to enforce an existing policy directive that all staff be required to wear a body alarm, in case of emergency;
>
> failure to ensure inmates assigned to construction were regularly restrained during transport; and,
>
> failure to enforce its own policies regarding key control, inmate counts and securing dangerous tools.

Id. at 3, ¶¶12-16.

On February 19, 2010, the Leon County Circuit Court granted the parties' agreed motion to transfer the action to Charlotte County.  Doc. #1-2.  On July 11, 2011, Plaintiffs filed a motion to

amend Complaint.  Doc. #1-29.  Defendant opposed the motion to
amend on statute of limitations grounds.  Doc. #1-42.  On October
31, 2011, the circuit held a hearing on Plaintiffs' motion to amend
and granted Plaintiffs' motion stating:

> I'm going to allow the motion to amend at this time
> because I know the case law says that it should be
> construed liberally.   That doesn't mean that I'm
> commenting on whether there's an issue with the statute
> of limitations, which can be certainly raised at another
> time, but I'm going to allow the amendment at this time.

Doc. #25-1 at 24-25, Exh. B.[2]

The Amended Complaint (Doc. #2), deemed filed on July 11,
2011, added the following parties in their individual capacities:
Warren Cornell, Warden, CCI; A. William Boyett, Assistant Warden,
CCI; Jack Howedeshell, Chief of Security/Colonel at CCI; Jody
Davis, Officer/Captain CCI; Mark Meier, Sergeant CCI; Glenda
Buenvida, Sergeant CCI; Rick Orzechewski, Relief Shift
Supervisor/Lieutenant CCI; Todd Brown, Correctional Officer, CCI;
Shawn Blakely, Correctional Officer, CCI; Frank Kozdras,

---

[2]The Court may take judicial notice of pleadings and orders
when the documents are matters of public record and are not subject
to reasonable dispute because they are capable of accurate and
ready determination by resort to sources whose accuracy could not
reasonably be questioned.  Home v. Potter, 392 F. App'x 800, 802
(11th Cir. 2010). Here, the pleadings and documents filed in the
underlying State action are public documents. See Universal
Express, Inc. v. United States SEC, 177 F. App'x 52, 53 (2006).
When considering a Rule 12(b)(6) motion to dismiss, a court may
take judicial notice of public records without converting the
motion to dismiss to a motion for summary judgment.  Id.
Accordingly, the Court takes judicial notice of the underlying
State pleadings and filings without converting the individual
defendants' Motion to a motion for summary judgment.

Correctional Officer, CCI; Nancy Behrens, Correctional Officer, CCI; and, Robert Williams, Sergeant, CCI.  Amended Complaint at 2-5.  The Amended Complaint sets forth three claims:

> **Count I**: Violation of 42 U.S.C. § 1983, Cruel and Unusual Punishment Against All Individual Defendants.  Amended Complaint at 14-17.

> **Count II**: Violation of 42 U.S.C. § 1983, Substantive Due Process Against All Individual Defendants.  Amended Complaint at 17-18.

> **Count III**: Wrongful Death, F.S.A. §768.16 Against the State of Florida.  Complaint at 18-20.

### III.

### A.  Individual Defendants' Motion to Dismiss

The Amended Complaint names twelve new defendants and alleges two new constitutional claims predicated upon 42 U.S.C. § 1983 in Counts I and II against the new defendants stemming from the June 11, 2003 incident that resulted in Fuston's death.  There is no specified statute of limitations for § 1983 claims.  Instead, federal courts look to the underlying state statute of limitations for personal injury actions.  42 U.S.C. § 1988(a); Powell v. Thomas, 641 F.3d 1300, 1303 (11th Cir. 2011).  "[W]here state law provides for multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 249-50 (1989).  Florida is a state with multiple statutes of limitations for personal injury actions, see Fla. Stat. § 95.11, but the residual limitations period for § 1983 claims are

subject to a four year statute of limitations.  <u>Burton v. City of</u>
<u>Belle Glade</u>, 178 F.3d 1175, 1188 (11th Cir. 1999).  While state law
governs the limitations period and related question of tolling, the
time of accrual of the cause of action is governed by federal law.
<u>White v. Mercury Marine, Div. of Brunswick, Inc.</u>, 129 F.3d 1428,
1435 (11th Cir. 1997).  "The general federal rule is that the
statute [of limitations] does not begin to run until the facts
which would support a cause of action are apparent or should be
apparent to a person with a reasonably prudent regard for his
rights."  <u>Rozar v. Mullis</u>, 85 F.3d 556, 561-62 (11th Cir.
1996)(citation and internal quotations omitted) (alternation in
original).  "Plaintiffs must know or have reason to know that they
were injured, and must be aware or should be aware of who inflicted
the injury."  <u>Id.</u> at 562.  This "requires a court first to identify
the alleged injuries, and then to determine when plaintiffs could
have sued for them."  <u>Id.</u>

Here, it is clear that Plaintiff's claim accrued on the day of
the incident - - June 11, 2003, or at the latest -- when Fuston's
family members where notified of his injuries and/or death.[3]  Thus,
it is clear that Plaintiff's Amended Complaint, filed on July 11,

_____

[3]Plaintiffs allege in the Amended Complaint that CCI officials
did not advise Fuston's "next of kin" during his hospitalization
from June 11, 2003 through June 13, 2003.  Amended Complaint at 11,
¶48.  Plaintiffs do not allege the date that they learned of
Fuston's death.

2011, is time barred under Florida's four year limitations period for personal injury actions unless Plaintiff can show it relates back to the original Complaint or that the statute of limitations is subject to tolling.

**(1) Relation Back**

Plaintiffs contend that the Amended Complaint relates back to the original Complaint because the individual defendants "have an identity of interest" to the original Defendant, and the new claims arose out of the same conduct, transaction or occurrence. Response to Individual Defendants' Motion at 4. In support, Plaintiffs aver that each of the individual defendants "were all employees of the [Department of Corrections] at the time of the incident" and cannot demonstrate prejudice because they are being defended by counsel provided by the Department. Id. at 9, ¶12. Further, Plaintiffs allege that the individual defendants "were present before, during and after the attack" on Fuston. Id. at 8, ¶11. Consequently, Plaintiffs claim that the individual defendants "were on notice of the potential claims Plaintiffs could interpose against them." Id. Plaintiffs state that "it was only after the prolonged production of the demanded material in the wrongful death action that Plaintiffs were able to develop an alternative theory of recovery on the same, salient facts" that were known to these individual defendants. Id.

The Federal Rules of Civil Procedure permit relation back of amendments. Rule 15(c) specifies the three general ways an amendment relates back to the date of the original pleading:

**(2) Relation Back of Amendments.**

(1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

Plaintiffs have the burden of demonstrating that an amended complaint relates back under Rule 15(c). <u>Al-Dahir v. F.B.I.</u>, 454 F. App'x 238, 242 (5th Cir. 2011). Here, the Amended Complaint adds twelve new parties and raises two new causes of action against these newly added defendants. Both federal and Florida law is clear that an amended complaint does not relate back to the

original complaint's filing date if it has the effect of adding a new party to a cause of action. Wayne v. Jarvis, 197 F.3d 1098, 1102-03 (11th Cir. 1999)(citing Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 468 (2d Cir. 1995), over ruled on other grounds, Manders v. Lee, 338 F.3d 1304, 1328 (11th Cir. 2003)(en banc); Madison v. City of Coral Springs, 2012 WL 3282583 *2 (S.D. Fla. 2010); Patel v. School Bd. of Volusia Cty., 813 So.2d 135, 136 (Fla. 5th DCA 2002)(collecting cases).

Plaintiffs argue that relation back is proper under Rule 15(c)(1)(C) because the twelve individual defendants "are related" to the original defendant. Assuming arguendo, that the individual defendants share an "identity of interest" with the original Defendant,[4] Plaintiffs nonetheless fail to make the necessary showing to fulfill the prerequisites of Rule 15(c)(1)(C). Essential to the Rule's application is the requirement that a

---

[4]The Eleventh Circuit recognized that the Ninth Circuit applies a different relation back test from Rule 15(c)(1)(C) that utilizes an identity of interest of one of its three components, but did not adopt the test for relation back purposes. Cliff v. Payco Gen'l American Credits, Inc., 363 F.3d 1113, 1132 (11th Cir. 2004)  The identity of interest test has also been applied for imputing Rule 15(c) notice to the newly named party.  More specifically, "[i]dentity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 197 (11th Cir. 2001)(quoting 6A Charles A. Wright et al., Fed'l Practice and Procedure § 1499 at 146 (2d ed. 1990).  In Singletary, the Third Circuit found that "staff level employees" were "not highly enough placed within the prison hierarchy" to impute notice of a lawsuit under Rule 15(c) to the newly added defendants.  Id. at 199-200.

"mistake" was made by the plaintiff in identifying a defendant in the original pleading. Krupski v. Costa Crociere SPA, 130 S.Ct. at 2494; Wayne v. Jarvis, 197 F.3d at 1103. "A mistake is '[a]n error, misconception, or misunderstanding; an erroneous belief.'" Id. (quoting Black's Law Dictionary 1092 (9th ed. 2009)).

The Supreme Court in Nelson v. Adams, USA, Inc., made clear that the presence of an identity of interest does not excuse the prerequisites of Rule 15(c) to permit an amendment to relate back. 529 U.S. 185, n.1. In Nelson, Adams obtained an award against the corporation of which Nelson was the president and sole shareholder. After Adams became concerned that he may not be able to collect the judgment, he sought to amend the action to include Nelson as a party in his individual capacity. The district court granted the motion to amend and amended the judgment against Nelson in his individual capacity. In reversing on the grounds that Nelson's due process rights were violated in that he was not afforded an opportunity to respond prior to judgment being entered, the Supreme Court in dicta noted:

> . . . We also note in this regard that the instant case does not fall under Rule 15(c)(3),[5] which deals with amendments that change the party or the name of the party against whom claims are asserted. That subsection applies only in cases involving "a mistake concerning the identity of the proper party." Fed. R. Civ. Pro.

---

[5]The "mistake" clause was previously set forth in Rule 15(c)(3), but was renumbered in the 2007 revision without substantive changes, and is now set forth in Rule 15(c)(1)(C)(ii).

> 15(c)(3)(B).  Respondent Adams made no such mistake.  It
> knew of Nelson's role and existence and, until it moved
> to amend its pleading, chose to assert its claim for
> costs and fees only against OCP.

Nelson, 529 U.S. 185, n.1.  Here, Plaintiffs do not allege, yet alone demonstrate a mistake, in naming only the original defendant. Indeed, at the time the Plaintiffs filed the Complaint they identified in the factual averments, by name, two of the individual defendants that Plaintiff now seeks to add: Warden Cornell and Assistant Warden Boyett.  Doc. #25-1 at 2, ¶8, Exh. A.  Although Plaintiffs identified these two individuals by name, they brought their Complaint against only one defendant:  the "State of Florida [ ] a sovereign governmental entity which operates the Department of Corrections, with its principle administrative offices in Leon County, Florida."  Id. at 1, ¶3.

Consequently, the Court finds that Plaintiffs have not shown they were mistaken about the identity of the party they chose to sue.  In their Response, Plaintiffs appear to concede that they did not make a mistake about the party they sued, but rather claim they were not aware of the claims against the individual defendants. See Response at 8 (stating "[i]t was only after prolonged production of the demanded material in the wrongful death action that Plaintiffs were able to develop an alternative theory of recovery on the same, salient facts that were known to the Defendants ab initio.").  As noted, Plaintiffs' "lack of knowledge does not constitute a mistake."  Lelieve v. Orosa, Case No. 10-

23677-Civ, 2011 WL 5103949 *4 (S.D. Fla. October 27, 2011); see also, Krupski v. Costa Crociere SPA, __ U.S. __, 130 S.Ct. 2485, 2494 (2010)(agreeing "that making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity."); Lelieve v. Orosa, 2011 WL 5103949 *4-5 (noting lack of knowledge of a parties' identity does not satisfy Rule 15(c)(1)(C)'s mistake requirement).  Consequently, the Court need not determine whether Plaintiffs can meet the other requirements of Rule 15(c)(1)(C), i.e., lack of notice, knowledge and compliance with Rule 15(c)(1)(B), because Plaintiff cannot show a mistake.  Id. (stating "once a court determines that no 'mistake' was made, it is irrelevant whether the to-be-joined party received notice and would not be prejudiced; a finding of a mistake is necessary before moving on to the other requirements.")(citing Wayne v. Jarvis, 197 F.3d at 1103, n. 5).  Based upon the foregoing, the Court finds Plaintiffs cannot avail themselves of Rule 15(c)(1)(C) and the Amended Complaint is time barred against the individual defendants.

(3) Equitable Estoppel

In passing, Plaintiffs aver that "discovery proceeded late and gradually."  Response to Individual Defendants' Motion at 2.  In Florida, the doctrine of equitable estoppel is available "when a plaintiff has been misled or lulled into inaction and has in some

-12-

extraordinary way been prevented from asserting his rights."
Alachua County v. Cheshire, 603 So.2d 1334, 1337 (Fla. 1992).
Although the case by its nature resulted in comprehensive criminal
and internal investigations, there is no indication that the
criminal track of the case impeded Plaintiffs' ability to pursue
the prosecution of their civil action.  Plaintiffs did not serve
their first discovery on the State until May 30, 2006.  Doc. #31,
Exh. 1.  Defendant responded on July 13, 2006.  Id. Exh. 2.  On
May 18, 2007, the circuit court sua sponte issued a Notice of
Failure to Prosecute, noting no record activity in almost one year.
Doc. #25-1 at 30, Exh. E.  Plaintiffs then served their second
discovery request, on June 14, 2007, but this was after the
expiration of the limitations period.  Id., Exhs. 3-4.  Indeed,
Plaintiffs did not notice their first deposition in this case until
September 8, 2009, some six years after the date of the incident.
Doc. #47, Exh. U.  Consequently, the Court does not find the record
supports any legitimate reasons as to why equitable estoppel should
apply in this case.

   B.   State of Florida's Motion for Partial Summary Judgment

   Defendant, the State, citing to judicial economy, requests
that, if the Court grants the individual defendants' motion to
dismiss, the Court "exercise discretionary jurisdiction over the
state claims" for purposes of ruling on their motion for summary

judgment.  State Motion at 8.    The Court declines to exercise its discretionary jurisdiction in this matter.

Here, the Court's finding that the statute of limitations bars the Amended Complaint against the individual defendants dismisses both of the federal claims, leaving only the original state law negligence claim against the original Defendant.   Although this case was initiated in October 2004 in the State court, it was only recently removed to this Court in May 2012.   In resolving whether the Amended Complaint was time barred under Rule 15(c)(1)(C), the Court did not have to determine whether the new causes of action "arose out of the conduct, transaction or occurrence set out - or attempted to be set out- in the original pleading" as required by Rule 15(c)(1)(B).  Thus the Court did not decide the issue that is essential for resolution of the State's Motion.    Plaintiff originally filed this action in State court.   Prior to the filing of the Amended Complaint, the parties agreed to have the case transferred  to  the  Circuit  Court  in  Charlotte  County. Consequently, in the interest of comity and for the convenience of the parties, the Court will decline to exercise its discretionary jurisdiction and will remand this action back to the Second Circuit.  See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 351 (1988)(finding federal court has discretion to remand a removed case back to state court when case only involves pendent state claims).

**ACCORDINGLY**, it is hereby

**ORDERED:**

1.    Defendants' Motion to Dismiss pursuant to Rule 12(b)(6), filed on behalf of Defendants Rick Orzechowski, Shawn Blakeley, Warren Cornell, Willian Boyett, Glenda Buenvida (Buendia), Nancy Behrens, Frank Kozdra, and Jack Howdeshell (Doc. #35), in which Defendant Jody Davis joins (Doc. #56), is **GRANTED**, and Plaintiff's Complaint is **DISMISSED as time barred** against the aforementioned Defendants.

2.    The Clerk shall terminate the State of Florida's Amended Motion for Partial Summary Judgment (Doc. #25) **as moot.**

3.    The Clerk is **directed** to remand the case to the Circuit Court of the Second Judicial Circuit, in and for Charlotte County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

4.    The Clerk is **directed** to close this case and terminate all previously scheduled deadlines and other pending motions as **moot.**

**DONE AND ORDERED** at Orlando, Florida, on this ___//___ day of March, 2013.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record

-15-